UNIVERSITY PRODUCTS OF NEBRASKA, INC., A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. GREGORY G. JENSEN, APPELLANT AND CROSS-APPELLEE.

235 N. W. 2d 229

Filed November 13, 1975. No. 39938.

Stowell & Jensen, for appellant.

Charles L. Titus and Jeffrey A. Silver of Bradford & Bloch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover the amount due on a contract. Defendant, as a defense, has pleaded commercial frustration. The District Court entered judgment for plaintiff. We affirm the judgment of the District Court.

Plaintiff owned and operated a photography business. It operated under a contract, denominated a franchise, from University Products, Inc., an Oklahoma corporation, hereinafter referred to as Uniprod. Uniprod supplied certain materials and training of employees. The franchisee was to obtain photofinishing and inventory requirements from Uniprod and was required to pay an initial sum of $3,000, $500 of which was paid down, and the balance payable monthly on the basis of 5 percent of gross sales.

On February 28, 1971, plaintiff sold its business, cameras, etc., to defendant and assigned its Uniprod franchise. Defendant contracted to pay $7,444.46. This included $1,500 for personal assets and $5,944.46 for the business franchise rights in Lancaster County. The sum of $2,000 was paid down and the balance was payable in monthly installments as follows: $1,444.46 on the basis of 5 percent of gross sales and $4,000 on the basis of $100 per month or a sum equal to each monthly gross profit, whichever was greater. Installments paid on the $1,444.46 item were to be used by plaintiff-seller to pay the balance of the initial amount due on the franchise. Plaintiff retained a security agreement on all assets and, in the event of default by defendant, the entire amount became due and would draw interest. Defendant-buyer was to maintain the business as a going concern in accordance with good business practices.

Defendant's last payment was on July 21, 1972. The balance unpaid amounted to $2,487.38. Uniprod furnished all services required by it until about September 1972. Uniprod, following a name change, was declared bankrupt in November 1972.

Defendant contends that the bankruptcy of Uniprod

constituted a supervening circumstance rendering it difficult or impossible to perform the contract and amounted to commercial frustration. We do not agree that the circumstances fall within that class of situations giving rise to a defense of commercial frustration.

The business and the franchise subsisted at the time the contract was entered into and for many months thereafter. This was an unconditional sale with assignment of the franchise to defendant. Even after the franchise became valueless, defendant could have still carried on the business. Insofar as the contract between plaintiff and defendant is concerned, by way of performance, defendant had only to pay the sum contracted for. The demise of the franchise in no way prevented this. The situation is completely at variance with the usual frustration situation as where a man contracts to sell a horse and the horse dies before delivery; or, the owner of a building contracts for repairs and the building burns down; or, performance is prevented by law, etc. The situation is akin to a deal whereby a commercial trucker buys a truck on a time-payment basis and the truck is stolen or wrecked; true, both parties were aware that it was to be used in the commercial trucking business and that it cannot now be so used. Although the purpose of the purchase has been frustrated, this does not release the purchaser from paying the debt incurred. Such risks are assumed by the purchaser. In the present case plaintiff sold its business and rights under the franchise. There is no indication in the contract that either party understood plaintiff was to guarantee the continued existence of the franchise or the services to be performed under it. "If a party by his contract creates a duty or imposes a charge upon himself, he must under any and all conditions substantially comply with the undertaking." Wilson & Co., Inc. v. Fremont Cake & Meal Co., 153 Neb. 160, 43 N. W. 2d 657. The same situation prevails with reference to the question of failure of consideration.

The contract provided for a usurious rate of interest in the event of default. In view of this situation, plaintiff's cross-appeal for interest is disallowed.

The judgment of the District Court is affirmed.

AFFIRMED.